# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER J. DeSAVAGE, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:10-0205 |
| v. : | |
| : | (MUNLEY, D.J.) |
| : | (MANNION, M.J.) |
| J. STULLER; B. CORBIN; | |
| J.D. FISHER; C. MITCHELL; : | |
| R.M. LAWLER; B.J. HOLLIBAUGH; | |
| ROBERT MacINTYRE, : | |
| Defendants : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is the defendants' motion to dismiss the plaintiff's complaint. (Doc. No. 12). Based upon a review of the defendants' motion and related materials, it is recommended that the motion be granted in part and denied in part as discussed herein.

By way of relevant procedural background, the plaintiff filed the instant action on January 26, 2010. (Doc. No. 1). An appropriate application to proceed *in forma pauperis*, (Doc. No. 2), and authorization form, (Doc. No. 3), were filed on the same day. As a result, a financial administrative order was issued. (Doc. No. 7).

By order dated January 29, 2010, it was directed that process issue.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(Doc. No. 8).

On March 31, 2010, the instant motion to dismiss the plaintiff's complaint was filed, (Doc. No. 12), along with a brief in support thereof, (Doc. No. 13). The plaintiff filed a brief in opposition to the defendants' motion on April 19, 2010. (Doc. No. 16).

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver,

3

213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

In his complaint, the plaintiff alleges that his First Amendment rights were violated when he was retaliated against for filing another civil action in this court. See DeSavage v. Grove, Civil Action No. 3:09-1204. Specifically, on August 4, 2009, the plaintiff alleges that defendant Stuller issued him a "malicious and frivolous misconduct" for being in an unauthorized area after the plaintiff filed the referenced civil action.

At his hearing on the misconduct, the plaintiff alleges that defendant Mitchell violated his Fourteenth Amendment due process rights when he "did not conduct the plaintiff's hearing accordingly, call witness, check video tape or review documents present" (sic). According to the plaintiff's documents, he was found guilty of the misconduct and placed on thirty days cell restriction. (Doc. No. 4, Attached Disciplinary Hearing Report).

The plaintiff appealed defendant Mitchell's decision, but his appeal was denied by defendants Hollibaugh, Corbin and Fisher. Because he raised the constitutional issues, (i.e., the retaliation and due process claims), in his appeal, the plaintiff alleges that defendants Hollibaugh, Corbin and Fisher had a duty to investigate and cure the constitutional violations. Instead, the plaintiff alleges that these defendants were deliberately indifferent to his

4

rights and upheld the decisions of defendants Stuller and Mitchell, making them as much accountable for the First and Fourteenth Amendment violations as defendants Stuller and Mitchell.

The plaintiff then appealed to the warden, defendant Lawler, who he alleges also was deliberately indifferent to his claims and denied his appeal.

The plaintiff filed a final appeal to defendant MacIntyre, who he alleges also denied his appeal and "violated the 1st Amendment and 14th Amendment when he failed in his duty to secure and cure plaintiff's retaliation and due process claim."

Based upon the allegations set forth in his complaint, the plaintiff is seeking declaratory and injunctive relief, as well as compensatory and punitive damages.

In their motion to dismiss the plaintiff's complaint, the defendants initially argue that the plaintiff's complaint should be dismissed with respect to defendants Hollibaugh, Corbin, Fisher, Lawler and MacIntyre because their denial of the plaintiff's misconduct appeals does not amount to a constitutional violation. (Doc. No. 13, pp. 3-5).

To state a viable §1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United

States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). Participation in the after-the-fact review of a grievance or misconduct is not enough to establish personal involvement. Torres v. Clark, 2010 WL 3975640, *2 (M.D.Pa.) (Caldwell, J.)[2] (citing Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (per curiam) (nonprecedential) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (per curiam) (nonprecedential) (failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved)). See also Robinson v. Sobina, 2010 WL 5418916 (W.D.Pa., 2010).

The plaintiff does not claim that defendants Hollibaugh, Corbin, Fisher,

---

[2]For the convenience of the reader, the Court has attached copies of unpublished opinions cited within this document.

Lawler or MacIntyre were directly involved in the issuance of the alleged retaliatory misconduct by defendant Stuller or the alleged denial of due process by defendant Mitchell. Instead, he claims that they are liable for failing to grant his appeals. Based upon the above, the plaintiff's claims against these defendants fail to establish their personal involvement in the alleged denial of rights based on their after-the-fact review of the misconduct appeals. Therefore, the defendants' motion to dismiss the plaintiff's complaint with respect to defendants Hollibaugh, Corbin, Fisher, Lawler, and MacIntyre, should be granted.

Next, the defendants argue that the plaintiff's complaint should be dismissed with respect to defendant Mitchell because the plaintiff has failed to allege a procedural due process claim against him and the plaintiff did not suffer atypical and significant hardship. (Doc. No. 13, pp. 5-7).

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, §1. "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974) (citing Dent v. West Virginia, 129 U.S. 114, 123 (1889)). Procedural due process means a state can deprive a person of his life, liberty, or property only so long as the deprivation is justified by a procedure appropriate to the nature of the deprivation. Carey v. Piphus, 435

U.S. 247, 259 (1978). The Fourteenth Amendment provides three requirements to establish a procedural due process violation. *Parratt v. Taylor*, 451 U.S. 527, 536 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). First, the defendant must have acted under color of law at the time the alleged deprivation occurred. Id. Second, the plaintiff must show the existence of a protected interest in life, liberty, or property that has been interfered with by the state-defendant. Bd. of Regents v. Roth, 408 U.S. 564, 571 (1972); Goldberg v. Kelly, 397 U.S. 254 (1970). Third, the plaintiff must then show that the procedures attendant upon that deprivation were constitutionally insufficient. Hewitt v. Helms, 459 U.S. 460 (1983), *overruled on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

In the context of prison administration, cognizable liberty interests are "generally limited" to deprivations that "impose[ ] atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483-84; Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997). "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin, 515 U.S. at 485 (citing Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 125 (1977)) (internal quotation and citation omitted). Prison administrators need to

8

manage and control prisoners, and the procedures used and punishments imposed by them in combating inmate misconduct fall within the legitimate framework of prison life that an inmate may expectably encounter. Sandin, 515 U.S. at 485; Griffin, 112 F.3d at 706.

Here, the plaintiff has failed to implicate a deprivation of due process under the Fourteenth Amendment against defendant Mitchell because he has no cognizable liberty interest at stake. The first element is clear. However, the plaintiff cannot establish the second element. To this extent, the plaintiff's documents establish that he was found guilty of the misconduct of being in an unauthorized area and placed on thirty days cell restriction. (Doc. No. 4, Attached Disciplinary Hearing Report). This does not rise to the level of "atypical and significant hardship" so as to create a liberty interest. See Sandin, 515 U.S. at 484 (30 days in disciplinary custody was not an "atypical and significant hardship" for purposes of the Due Process Clause); Griffin, 112 F.3d at 706 (fifteen months in administrative custody did not rise to the level of "atypical and significant hardship"). See also Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002)(placement in thirty days disciplinary custody and 120 days administrative custody did not create liberty interest). Therefore, the defendants' motion to dismiss the plaintiff's complaint with respect to defendant Mitchell should be granted.

Finally, the defendants argue that the plaintiff's complaint should be

dismissed to the extent that he is suing the defendants in their official capacities. (Doc. No. 13, pp. 7-8).

Claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Pennhurst State School & Hospital Halderman, 465 U.S. 89 (1984). Since all of the defendants named in this case are state officials employed by the Pennsylvania Department of Corrections, all claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment. However, any claims against the defendants in their official capacities for prospective injunctive relief are not barred by the Eleventh Amendment. See Pabon v. Chmielewski, 2008 WL 4400795, *6 (M.D.Pa.)(Munley, J.). Therefore, the defendants' motion to dismiss the plaintiff's complaint should be granted on this basis to the extent that the plaintiff seeks damages, but denied on this basis to the extent that the plaintiff seeks prospective injunctive relief.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the defendants' motion to dismiss the plaintiff's complaint, **(Doc. No. 12)**, be granted in part and denied in part, as discussed above; and

**(2)** the instant action be remanded for consideration of the only remaining claim, that being the First Amendment retaliation claim against defendant Stuller.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: February 2, 2011
O:\shared\REPORTS\2010 Reports\10-0205-01.wpd