## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER J. DeSAVAGE,

Plaintiff

v.

J. STULLER, B. CORBIN,
J.D. FISHER, C. MITCHELL,
R.M. LAWLER, B.J. HOLLIBAUGH,
ROBERT MacINTYRE,

Defendants

: No. 3:10cv205
:
: (Munley, D.J.)
: (Mannion, M.J.)
:
:
:
:
:
:
:

## MEMORANDUM

Before the court for disposition is Magistrate Judge Malachy E. Mannion's report and recommendation that suggests that the defendants' motion to dismiss should be granted in part and denied in part. Plaintiff Christopher J. DeSavage has lodged objections to the report and recommendation. The matter is ripe for disposition.

**Background**

Plaintiff is a state prisoner incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania. (Doc. 4, Compl. 3). In 2009, plaintiff instituted a lawsuit against officials at the prison, a lawsuit separate from this case. (Id.) Shortly after it became known that plaintiff had filed the lawsuit, he alleges that Defendant Stuller, the CFSS Kitchen Steward, retaliated against him for filing the lawsuit by issuing him a "misconduct" which asserted that plaintiff was in an unauthorized area. (Id.) Plaintiff states that he held the job assignment of "line backer pie whole" which supplied the line with food from all over the kitchen. (Id.) A person who holds such a position is only in an "unauthorized area" of the kitchen if he is stealing or loitering or has no reason to be present in a posted unauthorized area. (Id.) Plaintiff asserts that under this definition he was not in an unauthorized area.

Plaintiff further had a disagreement with Defendant Stuller about leaving early for medline, although he had been allowed to leave early for over a month and a half. (Id. at 4). Defendant Stuller gave plaintiff permission to discuss the matter with the Ranking Steward, Defendant Mitchell, who held a hearing. (Id.) At the hearing, plaintiff requested video surveillance to discredit Defendant Stuller, he also called for a witness and documents he had brought for defense. (Id.) Plaintiff asserts that Mitchell violated his due process rights during the hearing. (Id. at 5). He complains that Mitchell did not view the video tapes, call the witness, or review relevant documents. (Id.)

Plaintiff appealed to the Program Review Committee ("PRC"). The appeal was denied by defendants Hollibaugh, Corbin and Fisher. (Id.) He claims retaliation and a due process violation in this appeal. (Id.)

Next, plaintiff appealed to Defendant Lawler, the prison's warden. (Id.) He asserts Lawler did not fulfill his duty to cure retaliation and due process violations. (Id. at 6).

Finally, plaintiff appealed to Defendant MacIntyre. Plaintiff asserts that MacIntyre also violated his rights.

Accordingly, the plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 alleging that the defendants retaliated against him in violation of his right to access to the courts and in violation of due process.

The defendants filed a motion to dismiss. Magistrate Judge Mannion recommends that the motion to dismiss be granted with respect to all defendants and claims except for the First Amendment retaliation claim against Defendant Stuller. Plaintiff objects to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The report and recommendation discusses a motion to dismiss that was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the

plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

First, it is important to note that the plaintiff does not object to the dismissal of Defendants Hollibaugh, Fisher, Lawler and MacIntyre.

4

Therefore, in order to decide whether to adopt the report and recommendation with regard to these defendants, we need only determine whether a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); 28 U.S.C. § 636(b)(1). After a careful review, we find neither a clear error on the face of the record nor a manifest injustice, and therefore, we shall adopt the report and recommendation with regard to Defendants Hollibaugh, Fisher, Lawler and MacIntyre.

The plaintiff objects to the recommendation that Defendant Mitchell be dismissed from the case. He also asserts that he should be allowed a punitive damages claim against the individual defendants who remain in the case. We will address each separately.

**1. Defendant Mitchell**

As set forth above, Defendant Mitchell was the first to review Stuller's decision to issue a misconduct to the plaintiff. Plaintiff asserts that the hearing conducted by Mitchell violated his Fourteenth Amendment due process rights. He complains that Mitchell did not view the video tapes, call witnesses, or review relevant documents. We agree with the magistrate judge that Defendant Mitchell should be dismissed.

In relevant part, section one of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.] " U.S. CONST. AMEND. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests

encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Instantly, plaintiff alleges no property interest that was affected by the denial of the appeal. Therefore, it must be determined whether a liberty interest was affected.

> For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Lesser restraints on a prisoner's freedom are deemed to fall "within the expected perimeters of the sentence imposed by a court of law." Id. If Mitchell had no protected liberty interest in remaining free of disciplinary custody, then the state owed him no process before placing him in disciplinary confinement. We therefore must decide whether Mitchell's contention that he had a protected liberty interest in avoiding disciplinary custody is frivolous. This is a question of constitutional fact over which we exercise independent appellate review "in order to preserve the precious liberties established and ordained by the Constitution." Fabulous Assoc., Inc. v. Pa. Pub. Util. Comm'n, 896 F.2d 780, 783 (3d Cir. 1990) (quoting Bose Corp. v. Consumers Union, 466 U.S. 485, 511, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984)).

Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (footnote omitted).

In other words, the issue is whether the punishment plaintiff received was "atypical" and a "significant hardship" such that it affected a "liberty" interest. Plaintiff was placed on thirty-day cell restriction as a result of the misconduct. Such a restriction does not give rise to a liberty interest protected by the Fourteenth Amendment. Griffin v. Vaughn, 112 F.3d 703, 706-08 (3d Cir.1997) (holding that a Pennsylvania prisoner had no protected liberty interest in avoiding being placed in administrative custody for 15 months because such lengthy stays were not atypical in Pennsylvania's penal system); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir.

6

2002) (indicating that 15 days of disciplinary custody with 120 days administrative custody did not create a liberty interest for purposes of the Fourteenth Amendment); see also Armstrong v. Brooks, 283 Fed. Appx. 906, 909 (3d Cir. 2008) (holding that "a sanction of thirty days cell restriction does not trigger procedural due process protections.").

As plaintiff had no protected liberty interest, he can have no Due Process claim. Because Due Process is the sole claim alleged against Defendant Mitchell, Mitchell will be dismissed from this action, as recommended by the magistrate judge.

## 2. Punitive damages

One defendant remains in this case, Defendant Stuller. In his complaint, plaintiff seeks punitive damages against Stuller. Plaintiff addresses this issue although the report and recommendation does not hold that punitive damages are not permitted.[1] We will therefore discuss it. When suit is brought pursuant to section 1983, punitive damages are not available against state actors in their official capacities but are available against an official sued in his personal (or individual) capacity. Kentucky v. Graham, 473 U.S. 159 at 167 n.13 (1981). Therefore, the punitive damages claim will not be dismissed, to the extent that it is directed at Defendant Stuller in his individual capacity.

---

[1]Plaintiff's complaint seeks to hold all the defendants liable in both their individual and official capacities. (Doc. 4, Compl. 7). The magistrate judge explained as follows: "Since all of the defendants named in this case are state officials employed by the Pennsylvania Department of Corrections, all claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment." (Doc. 29, Report and Recommendation at 10). The issue of monetary damages against the defendants in their individual or personal capacities was not addressed.

**Conclusion**

For the reasons set forth above, the magistrate judge's report and recommendation will be adopted.  The case will be dismissed except for the First Amendment retaliation claim directed at defendant Stuller, including the punitive damage claim directed at him in his individual capacity.  An appropriate order follows.[2]

---

[2]Plaintiff has also filed a motion for preliminary injunction and temporary restraining order.  He claims that the defendants have retaliated against him again by performing an investigative search of his cell, and the seizure of his property.  (Doc. 28).  These actions occurred after the filing of the complaint.  The sole issue involved in this case is whether Defendant Stuller improperly retaliated against the plaintiff by issuing a misconduct to him.  These other matters are not part of this case, therefore the motion will be denied.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER J. DeSAVAGE,** | : | **No. 3:10cv205** |
| **Plaintiff** | : | |
| | : | **(Munley, D.J.)** |
| **v.** | : | **(Mannion, M.J.)** |
| | : | |
| **J. STULLER, B. CORBIN,** | : | |
| **J.D. FISHER, C. MITCHELL,** | : | |
| **R.M. LAWLER, B.J. HOLLIBAUGH,** | : | |
| **ROBERT MacINTYRE,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 1st day of March 2011, it is hereby ordered as follows:

1) The plaintiff's objections (Doc. 30) are **OVERRULED**;

2) The magistrate judge's report and recommendation (Doc. 29) is **ADOPTED**;

3) The motion to dismiss (Doc. 12)  is **GRANTED** in part and **DENIED** in part.  All defendants are dismissed except for Defendant Stuller;

4 The plaintiff's motion for a preliminary injunction and temporary restraining order (Doc. 28) is **DENIED**; and

5) The Clerk of Court is directed to remand this case to Magistrate Judge Mannion for further proceedings.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**